**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Tyrone Clay, | ) | |
| | ) | Case No. 23 CV 16799 |
| Plaintiff, | ) | |
| | ) | Hon. Matthew F. Kennelly |
| v. | ) | |
| | ) | |
| Anthony Noradin, et al., | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Edgardo Colon, | ) | |
| | ) | Case No. 23 CV 16798 |
| Plaintiff, | ) | |
| | ) | Hon. Matthew F. Kennelly |
| v. | ) | |
| | ) | |
| Anthony Noridan, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### **Declaration of Prathima Yeddanapudi**

I, Prathima Yeddanapudi, do hereby state as follows:

1. I am the Chief of the Advice, Business & Complex Litigation Division of the Civil Actions Bureau in the Cook County State's Attorney's Office ("CCSAO"). I have held this position since February 24, 2025.

2. In this role, I oversee the work of five sections of the Civil Action Bureau: Municipal Litigation; Advice, Transactions, & Complex Litigation; Real Estate Tax Litigation; Worker's Compensation Litigation; and Specialized Discovery.

3. I am responsible for more than 400 subpoenas served upon the CCSAO annually for CCSAO documents and/or ASA testimony. I am further the decision-maker responsible for asserting or waiving deliberative process and/or other applicable privileges when producing documents or witnesses for testimony.

4. I am also responsible for supervising all transparency litigation.

5. As the Department head responsible for doing so, I have asserted and continue to assert the deliberative process privilege as well as the work-product privilege over testimony and materials related to the CCSAO decisions pertaining to decisions made by the CCSAO regarding the CCSAO's internal memoranda and ASA Notes, unless there is a specific reason not to do so, or if in my assessment a waiver has occurred. I have not been presented with any materials or facts suggesting that the CCSAO, or any of its current or former staff,

        have publicly discussed these decisions in the instant case that would constitute a waiver of the deliberative process or work production privilege doctrines pertaining to the documents at issue in Plaintiff's motion to compel.

6. I have personally considered the deliberative process objections set forth in the CCSAO's privilege logs responsive to the instant case regarding documents related to the prosecutions of Plaintiffs Edgardo Colon, Tyrone Clay, and Alexander Villa. Plaintiffs seek discovery on the CCSAO's process and underlying decision-making. To divulge the process by which the CCSAO investigates and determines how it handles its cases would open the process up to outside influence. Interested individuals outside of the CCSAO may try to manipulate the process itself in order to achieve a favored outcome.

7. CCSAO 115128-115134, 115342-115348, 115350-115356, 147107-147115, and 148904-148910 dated in March and April 2018 are internal CCSAO memorandums from ASAs Varga, Ricci, and Maher to ASAs Block, Brassil, Holmes, Darman, and Golden. The memorandum is an analysis and deliberation of whether to grant use immunity to Edgardo Colon, Tyrone Clay, and Melvin DeYoung. The section of the memorandum which sets forth facts of the case will be unredacted, however, the CCSAO asserts the deliberative process privilege over the remainder of the memorandum.

8. Related, CCSAO 115597 and 115599 is an April 14, 2018 email from ASA Darman to ASAs Varga, Block, Brassil, Holmen, Golden, Maher, and Ricci discussing the aforementioned "Use Immunity" memorandum. A portion of said email contains deliberations over the granting of use immunity for which the CCSAO asserted the deliberative process privilege.

9. CCSAO 13785-137824, 16205-164215, 164217-164227, 164228-164297, 166458-166468, 187850-187860, 201041-201051 and 201067-201076 dated November 2022 from ASAs Varga and Adduci to ASAs Valente, Martin, Darman, and Maher. The memorandum is an analysis and deliberation of a potential reduced plea offer for Tyrone Clay. The section of the memorandum which sets forth facts of the case will be unredacted, however, CCSAO asserts deliberative process privilege over the remainder of the memorandum.

10. Related, CCSAO 4962, 137911, 138497, 166359-166360, 203433, 203434 is an email from ASA Valente to ASAs Varga, Martin, and Adduci on January 11, 2023 at 2:33pm. This email contains internal deliberations as to plea negotiations and opinions over which charge to take a plea. The CCSAO asserts the deliberative process privilege over the second half of the sentence, starting at "and" while the remainder of the email and other emails on the chain will remain unredacted.

11. The CCSAO continues to assert work product and deliberative process privilege over documents contained in the privilege log related to separate and unrelated prosecutions as delineated in the privilege log. As these documents are not responsive to the subpoenas at issue, CCSAO is not specifically averring to the deliberative process privilege in these unrelated prosecutions, but will do so if this Court so requires.

I declare that as of June 05, 2025, pursuant 28 U.S.C. 1746, the foregoing is true and correct:

By: *s/Prathima Yeddanapudi*

Assistant State's Attorney
Chief, Advice Business and Complex Litigation Division
Civil Actions Bureau
Cook County State's Attorney's Office